IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| James D. Mitchell, Jr., | : | |
| Petitioner | : | Civil Action 2:13-cv-0546 |
| v. | : | Judge Smith |
| Norm Robinson, Warden | : | Magistrate Judge Abel |
| Respondent | : | |

| | | |
|---|---|---|
| James D. Mitchell, Jr., | : | |
| Petitioner | : | Civil Action 2:13-cv-0908 |
| v. | : | Judge Smith |
| Norm Robinson, Warden, | : | Magistrate Judge Abel |
| Respondent | : | |

## Report and Recommendation

Petitioner James D. Mitchell, Jr., a prisoner at the Chillicothe Correctional Institution, brings these action for writs of habeas corpus under 28 U.S.C. §2254. This matter is before the Magistrate Judge on respondent's return of writ in *James D. Mitchell, Jr. v. Norman Robinson, Warden,* 2:13-cv-546, motion to dismiss and transfer to the Sixth Circuit in 2:13-cv-908, *James D. Mitchell, Jr. v. Norman Robinson, Warden,* and the briefs and exhibits of the parties. Both cases challenge petitioner Mitchell's October 1, 2010 conviction for felonious assault with a repeat offender specification in the Court of Com-

mon Pleas for Franklin County, Ohio There are two actions because the one-year statute of limitations under 28 U.S.C. § 2244(d)(1)(A) was about to run and petitioner's ineffective assistance of trial counsel claims had not yet been ruled on by the Supreme Court of Ohio when Mitchell executed the petition in 2:13-cv-546. The Supreme Court of Ohio denied petitioner's motion for leave to appeal the dismissal of his postconviction action before the petition in 2:13-cv-546 was docketed by the Clerk of Court; but instead of moving for leave to amend that petition, Mitchell filed a new habeas corpus petition in 2:13-cv-908.

I. **Procedural History**

On October 1, 2010, petitioner Mitchell was convicted of felonious assault with a repeat offender specification in the Court of Common Pleas for Franklin County, Ohio. On November 23, 2010, he was sentenced to an aggregate term of eight years in prison. (November 24, 2010 Judgment, August 19, 2013 Return of Writ ("ROW"), Ex. 3, Doc. 9-1, PageID 83-85.)

On April 15, 2011, petitioner filed a motion for delayed appeal, which was granted. (ROW, Exhs. 4-7, PageID 86-95.) On February 9, 2012, the Ohio Court of Appeals for the Tenth Appellate District issued a decision affirming the judgment of conviction. (ROW Exh. 10, PageID 139-45.) Petitioner Mitchell file a motion for leave to appeal to the Supreme Court of Ohio on March 20, 2012.  On June 6, 2012, the Supreme Court of

Ohio issued a decision denying the motion for leave to appeal. (ROW, Exhs. 11 and 14, PageID 146 and 186.)

On May 9, 2012, petitioner filed a motion for leave to reopen his direct appeal. On On July 17, 2012, the Ohio Court of Appeals for the Tenth Appellate District issued a decision denying the motion. (ROW, Exhs. 15 and 16, PageID 187-98.) Petitioner did not appeal from that decision.

On June 1, 2012, petitioner filed an untimely petition for postconviction relief under Ohio Revised Code §§ 2953.21, *et seq.* (ROW, Ex. 17, PageID 199-206.)  On June 13, 2012, the Common Pleas Court issued a decision denying the postconviction petition as time barred. (ROW, Ex. 21, PageID 219-21.) On July 6,2012, petitioner filed a notice of appeal. (ROW, Ex. 22, PageID 222.)  On March 31, 2013, the Court of Appeals issued a decision affirming the Common Pleas Court's denial of postconviction relief, both on the ground that it was time-barred and on the ground that it was barred by *res judicata*. (ROW, Ex. 25, PageID 249-51.)  On April 25, 2013, petitioner file a motion for leave to appeal to the Supreme Court of Ohio.  (ROW, Ex. 26, PageID 252-53.)  On June 5, 2013, the Supreme Court of Ohio denied petitioner's motion for leave to appeal. (ROW, Ex. 29, PageID 268.)

## II. Grounds for Relief

In Case No. 2:13-cv-546, petitioner alleges that his conviction violated the United States Constitution because:

| | |
|---|---|
| Ground One: | Prior Bad Acts. |
| Supporting Facts: | The prosecutor said he would show how my 1991 case was tied to my current felonious assault and that I set out to do my cousin harm after I visited their home over two years Ms. Beaver didn't testify to any additional threats or felt any bad vibes. |
| Ground Two: | Insufficient evidence to sustain a conviction for felonious assault. |
| Supporting Facts: | Insufficient evidence to susain a conviction for felonious assault: at trial Ms. Beaver admitted that appellant had taken the liberty of defusing a physical altercation between Ms. Beaver and her lover Ms. Spears. How then did I become blameful of her (Ms. Beavers) injuries? |
| Ground Three: | The trial court erred when it entered judgment against the appellant and was not supported by weight of the evidence. |
| Supporting Facts: | The state used the witness Kim Beaver as the only source to get a conviction. Kim Beaver was not a creditable witness even though she was the victim but was not creditable due to drugs and alcohol and a previous fight with her lover. |

In Case No. 2:13-cv-908, petitioner alleges that his convictions violated the United States Constitution because:

| | |
|---|---|
| Ground One: | Ineffective assistance of trial counsel for advising defendant to refuse plea offer and proceed to trial. |
| Supporting Facts: | Supporting Facts:Trial counsel advised defendant to refuse the plea   offer because he would not lose at trial since he had a mental condition and he was in a relationship with the alleged victim. |
| Ground Two: | Ineffective assistance of trial counsel for failing to argue/raise a NGRI defense with the court and/or jury. |
| Supporting Facts: | Trial counsel raised the NGRI issue with the court and defendant. He also had a evaluation done and argued his client's mental condition at mitigation. |

-4-

### III. Facts supporting convictions.

The facts underlying petitioner's convictions are fairly summarized in the Ohio Court of Appeals' February 9, 2012 decision:

>     Appellant's charge stems from him choking and beating Kim Beaver. Appellant pleaded not guilty and a trial ensued. A jury was empanelled to decide whether appellant committed felonious assault, and the trial court was to decide whether appellant was a repeat violent offender.
>     At trial, Beaver testified as follows. Appellant is the nephew (by marriage) of Beaver's mother, Osesie Frederick. Beaver and appellant dated around the year 1990. During this time, appellant told Beaver that he "messed this girl up really bad." (Tr. Vol. I, 56.) Appellant knew there was a warrant for his arrest, and he wanted Beaver to run away with him. Beaver refused and reported appellant to the police. The police arrested appellant, and afterward, he called Beaver and threatened to kill her. Appellant objected to Beaver's testimony about events linked to his prior criminal offense, and the court overruled it.
>     Next, Beaver testified as follows about appellant assaulting her. On November 7, 2009, Beaver was in her bedroom when appellant came in and said that he wanted to talk. Beaver started to leave, but appellant threw her on the bed and said, "[Y]ou thought I was going to kill you 18 years ago." (Tr. Vol. I, 64.) He also choked her and punched her in the face while sitting on her chest. She screamed for help, and he left when her children and a friend, Vanya Clark, arrived.
>     Beaver's left eye was hemorrhaging from the assault, and it was swollen shut for two months. She also had bruises around both eyes, and it took six to seven months for that injury to heal. In addition, she testified that the pain from appellant choking her was a ten on a scale from one to ten, and she indicated that the pain lingered for months. Finally, she admitted to consuming drugs and alcohol on the day of the assault, but she said they had no impact on her during the incident.
>     Clark testified that she went to Beaver's bedroom after hearing a scream. She saw Beaver in the room with appellant, and Beaver was "beaten up really bad." (Tr. Vol. II, 10.) Frederick was living with Beaver on the day of the assault, and she testified that Beaver was "practically unconscious" on her bed after the incident. (Tr. Vol. II, 27.) She also noted that appellant had been in the bedroom with Beaver. Columbus Police Officer Jason Fischer was dispatched to Beaver's house after the assault,

>
> and he testified that he called for an ambulance to take Beaver to the hospital because of her injuries.
>
> The court admitted Beaver's hospital records into evidence. They confirm the injuries to her left eye, and they indicate that her nose was broken. In addition, they disclose that she had a high level of alcohol in her body and that she tested positive for cocaine. Lastly, in support of the repeat violent offender specification, Diane Smalley of the Franklin County Clerk of Courts testified, outside the presence of the jury, that appellant was convicted of involuntary manslaughter on March 19, 1991.
>
> After the prosecution rested its case, appellant moved for an acquittal, pursuant to Crim.R. 29(A), and the court denied the motion. The jury found appellant guilty of felonious assault, and the court labeled him a repeat violent offender. The court sentenced him to eight years in prison for the felonious assault conviction, but it did not impose an additional sentence for the repeat violent offender specification.

(February 9, 2012 Decision, 1-3, ROW, Exh. 10, Doc. 9-1, PageID 160-62.)

### III.  Merits of Claims Presented in 2:13-cv-546

Respondent acknowledges that petitioner has exhausted his Ohio court remedies for the claims presented in 2:13-cv-546.

<u>Ground One: Prior Bad Acts Testimony</u>. Kim Beaver testified that 18 years before she had provided information to the police about Mitchell's whereabouts that led to his arrest on a previous criminal assault charge and that after his arrest he had telephoned her and threatened to kill her. (Trial Transcript, Vol., I, 56-58, Doc. 10-1, PageID 339-41.) This testimony was admitted over petitioner's counsel's objections. The trial court ruled that finding that this testimony was admissible under Evidence Rule 404(B) and/or R.C. 2945.59 to demonstrate a legitimate other purpose such as motive, nature of relationship

with the victim, absence of mistake or accident, intent, identity, or the like. (*Id.*, 11-12, PageID 294-95.) The Ohio Court of Appeals upheld that ruling:

> In his fourth assignment of error, appellant argues that the trial court abused its discretion by allowing Beaver to testify about events linked to his involuntary manslaughter offense. We disagree.
> Appellant first argues that Beaver's testimony was prohibited under Evid.R. 404(B), which states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Evidence of "other crimes, wrongs, or acts" is admissible, however, "as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Evid.R. 404(B).
> The exception in Evid.R. 404(B) "must be construed against admissibility, and the standard for determining admissibility * * * is strict." *State v. Broom*, 40 Ohio St.3d 277, 533 N.E.2d 682 (1988), paragraph one of the syllabus. Nevertheless, the admission of evidence ultimately lies within the broad discretion of the trial court. *State v. Conway*, 109 Ohio St.3d 412, 2006 Ohio 2815, ¶ 62, 848 N.E.2d 810. An abuse of discretion connotes more than an error of law or judgment; it entails a decision that is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 5 Ohio B. 481, 450 N.E.2d 1140 (1983).
> Here, the record establishes that appellant's motive for assaulting Beaver developed from events linked to the involuntary manslaughter. Specifically, appellant threatened Beaver after she reported him to police when he confessed to the crime, and he referred to that threat when he later assaulted her. Consequently, Beaver's testimony about events linked to appellant's involuntary manslaughter offense was admissible under Evid.R. 404(B).
> Appellant also argues that R.C. 2945.59 barred Beaver's testimony. Under R.C. 2945.59, evidence of a defendant's prior criminal activity is admissible to show "his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system." "There is little difference between Evid.R. 404(B) and R.C. 2945.59." *State v. Horsley*, 10th Dist. No. 05AP-350, 2006 Ohio 1208, ¶ 22. Therefore, we reject appellant's argument under R.C. 2945.59 for the reasons we stated in our Evid.R. 404(B) analysis.
> Accordingly, the trial court did not abuse its discretion by allowing Beaver to testify about events linked to appellant's involuntary manslaughter offense. We overrule appellant's fourth assignment of error.

(February 9, 2012 Decision, 6-7, ROW, Exh. 10, Doc. 9-1, PageID 165-66.)

Petitioner argues the evidence he had committed prior bad acts was not relevant to whether he assaulted Ms. Beaver but was offered to prejudice him with the jury. A state court's evidentiary ruling is generally not reviewable in federal habeas corpus. State trial court error rises to the level of depriving a defendant a fair trial in violation of the Constitution of the United States only if it results in the denial of fundamental fairness:

> When an evidentiary ruling is so egregious that it results in a denial of fundamental fairness, it may violate due process and thus warrant habeas relief. *Coleman*, 244 F.3d at 542; *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir.2000). Nonetheless, "courts 'have defined the category of infractions that violate 'fundamental fairness' very narrowly.' " *Wright v. Dallman*, 999 F.2d 174, 178 (6th Cir.1993) (quoting *Dowling v. United States*, 493 U.S. 342, 352, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990)). "Generally, state-court evidentiary rulings cannot rise to the level of due process violations unless they 'offend[ ] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.' " *Seymou*r, 224 F.3d at 552 (quoting *Montana v. Egelhoff*, 518 U.S. 37, 43, 116 S.Ct. 2013, 135 L.Ed.2d 361 (1996)).

*Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). The admission into evidence of petitioner's threat to Beaver 18 years before is not a state court evidentiary ruling error that was so egregious as to deny him a fair trial. First, Mitchell was in prison for almost all of those 18 years, having been released sometime in 2008. (Petitioner's October 17, 2013 Traverse, p. 2, Doc. 13, PageID 613.) Second, the testimony was evidence of motive. When she turned him in 18 years before, Ms. Beaver and Mitchell had been boyfriend and girlfriend. (Trial Transcript, Vol., I, 54, Doc. 10-1, PageID 337.)

Petitioner argues that the evidence was not relevant to prove motive because since he had been out of prison he had talked with Ms. Beaver about 30 times without incident, the evidence could not prove motive. Before the November 7, 2009 assault, Mitchell would sometimes come by to check on Ms. Beaver's mother. He lived just around the corner, and Ms. Beaver estimated he had stopped by perhaps 30 times in the previous year. (*Id.*, 59, PageID 342.)  When Mitchell assaulted Ms. Beaver, he said to her, "Bitch, you thought I was going to kill you 18 year ago." (*Id.*, 64, PageID 347.)  Mitchell repeatedly punched and choked his victim. The assault stopped only after Ms. Beaver closed her eyes, pretending she had passed out or died, and she was able to release his hands from her throat enough to holler for help.  (*Id.*, 65-66, PageID 348-49.) While the previous occasions Mitchell had seen Ms. Beaver and the passage of 18 years tends to rebut the conjecture that Mitchell was motivated by her turning him that goes to the weight, not the admissibility of the evidence. Given the testimony set out above and the fact findings and legal conclusions reached by the Ohio Court of Appeals, petitioner has failed to demonstrate that he was denied a fundamentally fair trial by the admission of the prior acts testimony.

Further, even if a court were to assume that the admission of the evidence of Mitchell's 18 year old threat was constitutional error, any such error was harmless. The uncontroverted evidence at trial was that Mitchell assaulted Ms. Beaver. Consequently, the error did not render the trial "so fundamentally unfair as to deprive petitioner of

due process under the Fourteenth Amendment." *Broom v. Mitchell*, 441 F.3d 392, 406 (6th Cir. 2006).

<u>Grounds Two and Three: Insufficient Evidence Felonious Assault</u>. An allegation that a verdict is not supported by evidence states a claim under the due process clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *In re Winship*, 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368  (1970); *Johnson v. Coyle*, 200 F. 3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders,* 894 F. 2d 792, 794 (6th Cir. 1990)(*en banc*).  In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt.  *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . .  This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319. Of course, it is state law that determines the elements of offenses;  but once the state has adopted the elements, the prosecution must then prove each of them beyond a reasonable doubt.  *In re Winship, supra.*

The factual findings of the state appellate court are presumed to be correct. 28 U.S.C. § 2254(e)(1) provides:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State

> court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Further, a federal habeas court may not grant relief unless the state court's decision was contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts in light of the evidence that was presented. 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Court of Appeals for the Sixth Circuit has summarized this standard as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court on materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from the Supreme Court's decisions but unreasonably applies it to the facts of the petitioner's case.

-11-

*Boykin v. Webb,* 541 F.3d 638, 642 (6th Cir.2008) (quoting *Williams v. Taylor,* 529 U.S. 362 (2000)).  A state court's decision in a federal habeas sufficiency-of- the-evidence challenge receives "double deference" – first, deference to the jury's verdict, and second, deference to the state court's consideration of the verdict. *Davis v. Lafler*, 658 F.3d 525, 531-35 (6th Cir. 2011)(*en banc*).

Here the Ohio Court of Appeals made the following findings rejecting petitioner's sufficient of the evidence challenge:

> We address together appellant's first and second assignments of error, in which he argues that his conviction for felonious assault is based on insufficient evidence and that the trial court erred by denying his Crim.R. 29(A) motion for an acquittal. We disagree.
> A motion for acquittal under Crim.R. 29(A) is governed by the same standard as the one for determining whether a verdict is supported by sufficient evidence. *State v. Tenace*, 109 Ohio St.3d 255, 2006 Ohio 2417, ¶ 37, 847 N.E.2d 386. That standard tests whether the evidence introduced at trial is legally sufficient to support a verdict. *State v. Drummond*, 111 Ohio St.3d 14, 2006 Ohio 5084, ¶ 192, 854 N.E.2d 1038. We examine the evidence in the light most favorable to the state and conclude whether any rational trier of fact could have found that the state proved beyond a reasonable doubt the essential elements of the crime. *State v. Robinson*, 124 Ohio St.3d 76, 2009 Ohio 5937, ¶ 34, 919 N.E.2d 190. We will not disturb the verdict unless we determine that reasonable minds could not arrive at the conclusion reached by the trier of fact. *State v. Treesh*, 90 Ohio St.3d 460, 484, 2001 Ohio 4, 739 N.E.2d 749 (2001). In determining whether a conviction is based on sufficient evidence, we do not assess whether the evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. *State v. Lindsey*, 190 Ohio App.3d 595, 2010 Ohio 5859, ¶ 35, 943 N.E.2d 613 (10th Dist.). See also *State v. Yarbrough*, 95 Ohio St.3d 227, 2002 Ohio 2126, ¶ 79, 767 N.E.2d 216 (noting that courts do not evaluate witness credibility when reviewing a sufficiency of the evidence claim).
> Appellant was convicted of felonious assault, pursuant to R.C. 2903.11(A), for knowingly causing serious physical harm to Beaver. Appellant contends that Beaver was not credible when she testified that

> he assaulted her. Questions of credibility are irrelevant to the issue of whether there is sufficient evidence to support a conviction, however. See *State v. Ruark*, 10th Dist. No. 10AP-50, 2011 Ohio 2225, ¶ 21. Instead, we conclude that Beaver's testimony, if believed, was sufficient to prove that appellant assaulted her.
>
> Next, appellant argues that the evidence failed to prove that he caused serious physical harm to Beaver. Under R.C. 2901.01(A)(5)(d), serious physical harm "involves some temporary, serious disfigurement." Also, under R.C. 2901.01(A)(5)(e), serious physical harm "involves acute pain of such duration as to result in substantial suffering or * * * any degree of prolonged or intractable pain." Pursuant to R.C. 2901.01(A)(5)(d) and (e), Beaver suffered serious physical harm when appellant (1) broke her nose, (2) caused her left eye to be swollen shut for two months and to hemorrhage, (3) gave her bruises that lasted six to seven months, and (4) made her endure acute and prolonged pain. See *State v. Jackson*, 10th Dist. No. 02AP-915, 2003 Ohio 2665, ¶ 23-25. For all these reasons, we conclude that appellant's conviction for felonious assault is based on sufficient evidence and that the trial court did not err by denying his motion for acquittal. We overrule appellant's first and second assignments of error.

(February 9, 2012 Decision, 4-5, ROW, Exh. 10, Doc. 9-1, PageID 163-64.)

There was very substantial, uncontroverted testimony supporting petitioner's conviction for felonious assault. In addition to Ms. Beaver's testimony set out above, She was treated at Grant Hospital for a broken nose and a left eye hemorrhage that left her disfigured for several months. (Trial Transcript, Vol., I, 70, 74, Doc. 10-1, PageID 353 and 357.) The victim's testimony was supported by that of her mother, Osesie Beatrice Frederick, and her mother's friend, Vanya Clark, each of whom testified that they saw Mitchell alone follow the victim downstairs (*Id.,* Vol. II, 8, 25, 31, 36, Doc. 10-2, PageID 427), that they each warned James "not to do anything to her" (*Id.*, 8, PageID 427, 444), not to "hit on" or "put his hands on her." (*Id.*, 25, PageID 444). They each heard the victim scream for help (*Id.*, 9; 25-26, PageID 428 and 444-45); and when they

raced downstairs, they saw the victim barely conscious laying on her bed covered in blood and beaten badly about the face such that one eye was completely swollen shut. (*Id*, 10-11; 27-28, PageID 429-30 and 446-47). Mitchell left the basement as they arrived. (*Id*., 26, PageID 428). Ms. Beaver's injuries were so severe that they remained visible for two months. (*Id*., 29-30, PageID 448-49). The severity of the injuries sustained was further supported by photographs and the victim's medical records.

Given the Ohio Court of Appeals' findings and the uncontroverted evidence supporting those findings, petitioner's claim that there was not constitutionally sufficient evidence to support his felonious assault conviction is without merit. Further, his state law claim that there was not sufficient evidence to support his conviction cannot be considered in federal habeas corpus. *Walker v. Engle,* 703 F.2d 959, 969 (6th Cir. 1983).

**IV. Ineffective Assistance of Counsel Claim Pleaded in 2:13-cv-908.**

Respondent argues that petitioner's ineffective assistance of counsel claims must be dismissed and transferred to the United States Court of Appeals for the Sixth Circuit because 2:13-cv-908 is a successive petition.

Under 28 U.S.C. § 2244(b)(3)(A), a petitioner cannot file a second or successive petition for a writ of habeas corpus in the district court, unless the federal court of appeals for that court has authorized its filing. Here petitioner filed his second habeas corpus action, 2:13-cv-908, before the resolution of his first filed habeas corpus petition. Because he did, the second habeas corpus petition properly is construed as a motion to

amend the first habeas corpus petition.  *See Beard v. Ohio*, No. 2:11-cv-823; 09-cr-00033, 2013 WL 1281929, at *2 (S.D. Ohio March 27, 2013)(citing *Motley v. Rapelje*, 10–cv–13132, 2011 WL 4905610, at *1 (E.D.Mich. Oct.13, 2011) ("If a pro se habeas corpus petition is filed while an earlier petition is still pending in the district court, the district court must construe the second petition as a motion to amend the first petition.") (citing *Woods v. Carey*, 525 F.3d 886, 890 (9th Cir.2008) (cited with approval in *In re Juan E. Fitchett*, No. 10–2045 (6th Cir. June 6, 2011) (unpublished))[1].

Although petitioner's ineffective assistance of counsel claims are properly before this court, they are procedurally barred from review in federal habeas corpus because he did not timely present them to the Ohio courts. In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. § 2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.*; *Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate

---

[1] Under § 2244(b)(3)(A), only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus. *Nunez v. United States*, 96 F.3d 990 (7th Cir.1996).

cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id*. Second, the Court must determine whether the state courts actually enforced the state procedural sanction. Id. Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. Id. Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id*. This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir.1985).

Petitioner failed to raise on direct appeal or in his post conviction petition a claim of ineffective assistance of counsel based on his attorney's failure to raise the issue of not guilty by reason of insanity. He may now no longer do so under Ohio's doctrine of

*res judicata*. Ohio has a long-standing firmly established doctrine of *res judicata* that requires a petitioner to present their claim at the first opportunity on direct appeal. *See Wagner v. Warden*, Southern Ohio Correctional Facility, 2012 WL 1883835 at *8 (2012). See also State v. Cole, 2 Ohio St.3d 112 (1982); *State v. Ishmail,* 67 Ohio St.2d 16, 423 N.E.2d 1068 (1981); *State v. Perry*, 10 Ohio St.2d 175 (1967). Federal habeas courts have established that *res judicata* is an adequate and independent state procedural ground upon which a state can rely upon to foreclose review of a federal claim. *See Monzo v. Edwards,* 281 F.3d 568, 577 (6th Cir. 2002); *see also Williams v. Bagley*, 380 F.3d 932, 967 (6th Cir. 2004); *Coleman v. Mitchell*, 268 F.3d 417, 427–29 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Additionally, while petitioner did assert in postconviction proceedings his remaining claim of ineffective assistance of counsel, *i.e.*, that his attorney improperly advised him to proceed to trial rather than enter a guilty plea, in view of the state appellate court's explicit refusal to address the merits of petitioner's off-the-record claims as untimely this Court therefore deems the first and second parts of the *Maupin* test to have been met. Further, procedural rule at issue constitutes an adequate and independent state ground to preclude federal habeas review. Time limitations for filing post conviction actions are independent of federal law and satisfy the States interests in timely adjudication of claims.

Petitioner failed to raise his claim of ineffective assistance of counsel in the state courts. He may now no longer do so under Ohio's doctrine of res judicata. Moreover,

Petitioner failed to timely present his claim to the state courts. He did not raise his claims of ineffective assistance of counsel based on trial counsel's failure to raise a not guilty by reason of insanity defense on direct appeal, and the Ohio courts dismissed his postconviction petition as untimely filed. Since neither remedy is now open to him, petitioner's claims are barred from review in habeas corpus. *See, Walker v. Martin*, 131 S.Ct. 1120, 1127-28 (2010); *Monzo v. Edwards*, 281 F.3d 568, 577 (6th Cir.2002); *Stone v. Moore*, 644 F.3d 342, 345 48 (6th Cir. 2011).

Petitioner may still obtain review of this claim on the merits if he establishes cause for his procedural default, as well as actual prejudice from the alleged constitutional violation.

> " '[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him[;] ... some objective factor external to the defense [that] impeded ... efforts to comply with the State's procedural rule." Coleman v. Thompson, 501 U.S. 722, 753 (1991).

*Maples v. Stegall*, 340 F.3d 433, 438 (6th Cir. 2003). However, petitioner has offered neither sufficient evidence of cause or prejudice to permit federal habeas corpus review. To the extent the claims could have been raised on direct appeal, petitioner was represented by counsel and is bound by his lawyer's judgment of what issues likely had potential merit on appeal. Additionally, petitioner cannot assert ineffective assistance of appellate counsel as cause for his failure to raise a claim of ineffective assistance of trial counsel on direct appeal, as such claim has never been presented to the state courts, and

-18-

therefore is likewise procedurally barred from review. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000)(internal citation omitted).

Petitioner represented himself when filing the postconviction petition. He argues that he has limited mental capacity. Nonetheless, he did file the postconviction action. It was, unfortunately, filed beyond Ohio's one-year time period for postconviction petitions. Petitioner gives no explanation for that delay that would establish cause. As to prejudice, petitioner has not offered any evidence supporting either claim of ineffective assistance of counsel.

Accordingly, the Magistrate Judge RECOMMENDS that *James D. Mitchell, Jr. v. Norman Robinson, Warden,* 2:13-cv-546 be DISMISSED on the merits because petitioner has failed to demonstrate that he is entitled to a writ of habeas corpus. Petitioner's June 7, 2013 motion to hold the petition in abeyance to exhaust his Ohio court remedies for his ineffective assistance of counsel claims (doc. 2) and his August 9, 2013 motion for discovery (doc. 7) are DENIED as moot. Further, the Magistrate Judge RECOMMENDS that under the procedures adopted in *In re Jonathan Sims*, 111 F.3d 45, 47 (6th Cir. 1997) this Court TRANSFER *James D. Mitchell, Jr. v. Norman Robinson, Warden,* 2:13-cv-908 to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. §1631.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof

in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel
United States Magistrate Judge